ELMER E. HARLOW, et al., *vs.* FRED E. PERRY.

Androscoggin.    Opinion March 30, 1915.

*"Caveat Emptor." Deceit in Sale of Goods. Examination. Inspection. Kind and Quality. Negligence. Reasonable Care. Representations.*

An action of deceit in the sale of a stock of goods in bulk.    At the close of the charge, the plaintiff requested the following instruction, which was refused:

"That if the defendant represented to the plaintiffs that the goods, as they showed on the shelves in front, were of like quality and conditions as those behind, and the plaintiffs believed such representations, they were not bound to make an examination of the goods, except as they showed in front, but were entitled to rely on the representations of the defendant."

*Held:*

1. That the instruction requested should have been given, at least in substance. The law does not allow one to take advantage of his own wrongful assertion, made to induce another to rely upon, and that the other does rely upon by claiming that the one who relied upon it ought to have known, or to have investigated, and learned that the assertion was untrue.

2. The well settled rule to be applied here is that, if one intentionally misrepresents to another facts particularly within his own knowledge, with an intent that the other shall act upon them, and he does so, he cannot afterwards excuse himself by saying that the one trusting him was negligent, in not investigating and learning that the assertion was untrue.

On exceptions by plaintiff.    Exceptions sustained.

This is an action on the case for deceit in the sale of a stock of miscellaneous goods, belonging to the estate of J. K. Haslem, of whose estate the defendant is administrator.    Plea, general issue.    The plaintiff excepted to certain instructions and refusal to give certain instructions by the presiding Justice.

The jury returned a verdict for the defendant.

The case is stated in the opinion.

*Oakes, Pulsifer & Ludden,* for plaintiffs.

*R. W. Crockett,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

HALEY, J.   This is an action on the case for deceit in the sale of a stock of goods, consisting of toys, crockeryware, glassware and miscellaneous articles, including those usually found in the so-called ten cent stores, at the time of the sale contained in the basement, two stories and an attic of a store about twenty-five feet wide and eighty to ninety feet deep.   The goods were sorted and placed upon the shelves under the direct supervision of the defendant, who was present at the store most of the time.   The plaintiff claimed and introduced evidence tending to show that the defendant represented that the goods were in the same condition as when they were arranged in the preceding spring, were of the same kind and quality as they appeared arranged upon the shelves and in the various receptacles, and those behind and out of sight of the same kind and quality as those in front, and that, when removed from the shelves and receptacles, the goods in the back part and out of sight were inferior in quality and condition to those which could be seen from the front.

The exceptions relate to the following instructions by the court:

"Now further the defendant says that the plaintiffs were not justified in relying upon whatever statement he made in regard to the goods as they were arranged upon the shelves.   The contention of the defendant is that the plaintiffs came there, saw the goods, had an opportunity to examine them, and that it was their duty to examine them, and that they had no right, as he says, as a matter of fact, to rely upon his statement; they could see the goods and did inspect them.

"Well, a person who is purchasing property is obliged to use his own eyes and see what is to be seen.   But the plaintiffs claim here that under the circumstances of this case, considering the character of the goods, the articles comprising the stock, the multitude of articles, that they were of such a kind that upon the shelves, there would be numerous articles upon the same shelf, and considering the fact that the defendant had made the statement to them that they had been arranged to show them fairly, and considering the further fact, as the plaintiffs claim, that the defendant had said that there

had been an appraisal made by the appraisers amounting to eight thousand ($8000) dollars, that they were justified in not making any further investigation than they did make.

"Now, I leave that as a question of fact for you to determine under all of the circumstances of this case.   Were these plaintiffs negligent? Did they have abundant opportunity to inspect this stock of goods and ascertain if the goods, as they could see them, were a fair representation of all the goods?   Did they exercise reasonable care on their part?   If they did not then they did not reasonably rely upon the statement.   What do you say about it.   That is the purpose for which the plaintiffs have introduced into this case the evidence in regard to the appraisal at eight thousand thirty-five ($8035) dollars, as bearing upon their justification, so to speak, in not making any further investigation of the goods.   And it is for you to say whether that has any bearing upon it or not.

.   .   .   .   .   .   .   .   .

"Counsel calls my attention to the fact that perhaps I have not as fully spoken of what is called the rule of *caveat emptor* in the purchase of personal property.   That means, in language, to let the buyer beware.   It is simply, in this case, as applied to this case, that these plaintiffs were required to exercise ordinary reasonable care in examining the goods which they were purchasing.   If they had an equal opportunity with the defendant under all the circumstances to examine the goods then they should stand upon their own footing and make their examination.   But if he had better opportunity than they did and made a representation of fact, a material representation of fact under all the circumstances, it is for you to say whether they were justified in relying upon that."

At the close of the charge the plaintiffs requested the following instruction, which was refused:

"That if the defendant represented to the plaintiffs that the goods as they showed on the shelves in front were of like quality and conditions as those behind, and the plaintiffs believed such representation, they were not bound to make an examination of the goods, except as they showed in front, but were entitled to rely on the representations of the defendant."

We think the learned Justice erred in the instruction quoted, and that the instruction requested should have been given, at least in substance. The law does not allow one to take advantage of his own wrongful assertion;" made to induce another to rely upon, and that the other does rely upon, by claiming that the one who relied upon it ought to have known, or to have investigated, and learned that the assertion was untrue. The same argument advanced by the defendant in this case was urged in *Bank* v. *Cunningham*, 103 Maine, 455, and the ruling of the court upon that branch of the case was: "But the defendant contends further that if the plaintiff did not know, it ought to have known, and would have known but for its own negligence. We think this defense cannot avail. There are cases which hold that where one carelessly relies upon a pretense of inherent absurdity and incredulity, upon mere idle talk, or upon a device so shadowy as not to be capable of imposing upon any one, he must bear his misfortune, if injured, he must not shut his eyes to what is palpable before him. But that doctrine, if sound, is not applicable here. We think the well settled rule to be applied here is that if one intentionally misrepresents to another facts particularly within his own knowledge, with an intent that the other shall act upon them, and he does so, he cannot afterwards excuse himself by saying, 'you were foolish to believe me.' It does not lie in his mouth to say that the one trusting him was negligent." The above quotation clearly states the rule of law that governs in actions for deceit, which rule is decisive in this case. Therefore we hold that the instructions given did not fully state the law as applicable to this case, and that the instruction requested should have been given, in substance at least, and that, by the instructions and refusal to instruct, the jury were authorized to disregard the well established rule of law as laid down in the above case, and the exceptions must be sustained.

*Exceptions sustained.*